**ARMCO STEEL CORPORATION,**
Appellant,

v.

**BURLEIGH COUNTY, NORTH DAKOTA**
et al., Appellees.

No. 18187.

United States Court of Appeals
Eighth Circuit.

April 11, 1967.

William R. Pearce, of Pearce, Engebretson, Murray & Anderson, Bismarck, N. D., for appellant and filed printed brief.

Albert A. Wolf, Bismarck, N. D., for appellees Burleigh County, and others and filed brief with David L. Milhollan, Bismarck, N. D.

Before JOHNSEN, Senior Circuit Judge, BLACKMUN, Circuit Judge, and YOUNG, District Judge.

PER CURIAM.

This, like Armco Steel Corp. v. Adams County, 8 Cir., 376 F.2d 212, decided concurrently herewith, is an appeal by Armco from the separate treble-damage judgments rendered in favor of a number of North Dakota Counties for injury from violation of Section 1 of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1. As in the *Adams County* case, the violation relied on was the conspiratorial fixing of prices upon corrugated culverts during the period of 1957–1960.

The amounts of the treble damages awarded are as follows: Burleigh County $28,360.35; McClean County $14,300.-73; Stark County $21,755.25; Kidder County $7,082.94; Sheridan County $12,940.38; Golden Valley County $5,-154.39; Hettinger County $1,754.22; Grant County $1,709.43; Oliver County $11,527.02; Wells County $31,630.86.

The questions sought to be raised are controlled by our decisions in Armco Steel Corp. v. State of North Dakota, 8 Cir., 376 F.2d 206, and the *Adams County* case, supra, and these require affirmance of the present judgments.

The sum of $300.00 will be allowed appellees in partial printing cost of the supplemental record filed by them. The sum of $1,000.00 will be allowed them as a joint attorney's fee on the appeal, based upon the considerations which have been set out in our opinion in the *Adams County*, case, supra. Both allowances will be taxed as costs against appellant.

Affirmed.