**SARGENT–WELCH SCIENTIFIC COMPANY, Plaintiff,**

v.

**VENTRON CORPORATION and Ventron Instruments Corp., Defendants.**

No. 72 C 2330.

United States District Court,
N. D. Illinois,
May 17, 1973.

George R. Kucik, Alan R. Malasky and I. Clinton Waddey, Jr., of Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for plaintiff.

Earl E. Pollock, Gary Senner and Miriam C. Bernstein of Sonneschein, Levinson, Carlin, Nath & Rosenthal, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion for an order compelling answer to four interrogatories and plaintiff's motion for an order compelling discovery.

This is an anti-trust action instituted under Section 4 of the Clayton Act, 15 U.S.C. § 15, for alleged violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and Section 3 of the Clayton Act, 15 U.S.C. § 14. The plaintiff, Sargent-Welch Scientific Company ("Sargent-Welch") is an Illinois corporation engaged in the business of manufacturing, distributing, and selling educational equipment, laboratory instruments, scientific instruments and other products. The defendants are Ventron Corporation ("Ventron") and Ventron Instruments Corporation ("VIC"). Ventron is a Massachusetts corporation engaged in the business of manufacturing, distributing and selling chemicals, electronic materials, and research, laboratory and scientific instruments. VIC is a Massachusetts corporation and a wholly owned subsidiary of Ventron engaged in the business of manufacturing, distributing and selling sophisticated research, laboratory and scientific instruments.

The plaintiff, Sargent-Welch, is a former distributor of "Electrobalance"

products manufactured by the Cahn Instruments Division of defendant VIC. Plaintiff was terminated as a distributor in 1971 and has filed a three count complaint seeking damages of $1,100,-000.00 for alleged violations of the antitrust laws.

Count I charges that defendants have monopolized and attempted to monopolize trade and commerce in six "markets". Count II charges that defendants have entered into exclusive dealing and tying arrangements with certain distributors. Count III charges that the defendants fixed resale prices and imposed customer and territorial restrictions on Cahn distributors.

## I. DEFENDANTS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES

The defendants in support of their motion for an order compelling proper answers to four interrogatories contend:

1. Plaintiff's objections are without substance and its conclusory answers are totally inadequate under Rule 33(b) of the Federal Rules of Civil Procedure.

2. In light of the basic information sought and the need for additional answers, plaintiff's refusal to furnish proper answers to Interrogatories, 16, 17, 18 and 19 is particularly egregious.

The plaintiff, in opposition to the instant motion, contends that:

1. To the extent the interrogatories seek properly discoverable matters, they have been answered to the full extent of plaintiff's present knowledge.

2. To the extent which defendants seek to elicit from plaintiff's counsel their legal theories regarding this action, such interrogatories clearly extend to issues of "pure law" which under no interpretation of Rule 33(b) of the Federal Rules of Civil Procedure

are discoverable by an interrogating party.

It is the opinion of this Court after examining the relevant Interrogatories and Answers thereto that the plaintiff should state more responsive answers to the defendants' interrogatories in order that the defendants might better know the facts upon which the plaintiff's claim is founded.

The thrust of plaintiff's objection to answering four of the defendants' interrogatories is that a more complete answer to the interrogatories would require plaintiff's attorneys to state their legal theories regarding this action. The interrogatories to which plaintiff so objects are Nos. 16, 17, 18 and 19.

■ It is well settled that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact. Radzik v. Chicagoland Recreational Vehicle Dealers Assn., 1972 Trade Cases, Paragraph 73, 848 (N.D. Ill.1972); Ballard v. Allegheny-Airlines, Inc., 54 F.R.D. 67 (D.C.Pa.1972); Joseph v. Norman's Health Club, Inc., 336 F.Supp. 307 (E.D.Mo.1971). See also the Advisory Committee Note to Rule 33(b) regarding the 1970 Amendment.

■ The clear trend of recent cases has been to inquire "factual opinions" or opinions calling for the application of law to fact since this type of discovery can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery. Diversified Products Corp. v. Sports Center Co., 42 F.R.D. 3 (D.C.Md.1967). An interrogatory which inquires into the facts upon which certain vague and general allegations of a complaint are founded and the claimed relationship between such facts is not objectionable on the ground that it calls for a legal conclusion. B–H Transportation Company, Inc. v. The Great Atlantic and Pacific Tea Company, Inc., 44 F.R.D. 436 (N.D.N.Y.1968).

■ The defendants, in their four interrogatories, seek to inquire into the factual basis of allegations in the complaint charging them with anti-trust violations.[1] It is clear that the defendants are entitled to know the facts upon which plaintiff's claim is founded. Mutual knowledge of the relevant facts is essential to proper litigation. Either party may compel the other to disclose what relevant facts he has in his possession. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Radzik v. Chicagoland Recreational Vehicle Dealers Assn., *supra*.

Thus the plaintiff should appropriately respond to the instant interrogatories by disclosing the requested "factual opinions"—the factual basis or source of the allegations contained in the complaint. However, this does not mean, nor can it be construed to mean, that the plaintiff has to respond to questions whose answers extend to issues of "pure law" unrelated to the facts of the case.

## II. PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY

■ The plaintiff, in support of its motion to compel discovery, contends:

1. Information and documents coming into existence or into defendant's possession after September 20, 1972, the date of the complaint, may be relevant, and a blanket refusal to produce by defendants is improper.

2. Documents and information relating to future marketing and business plans are appropriate subject matter for discovery.

3. Defendants have refused to answer several specific and proper interrogatories, namely Interrogatories Nos. 13, 20(b), and 29(c).

The defendants, in opposition to the instant motion, have represented to this Court:

1. "It is also possible that additional discovery with respect to the post-complaint period might become relevant if the Court grants the defendants' Rule 37 motion with respect to the four interrogatories and if the plaintiff then complies by identifying—at long last—the factual predicate for its claims of antitrust violation and injury."

2. "Surely plaintiff should not be permitted to broaden the scope of discovery, and to obtain highly confidential information concerning the Cahn Division's prospective business plans, without first identifying a factual basis for its monopoly claims. Plaintiff's request is, in short, premature as a result of plaintiff's own deliberate withholding of fundamental information."

3. "It is readily apparent from the trivial nature of the deficiencies asserted by plaintiff that its 'Motion to Compel Discovery' merely

[1]. In Interrogatory 16 defendants seek to obtain information on the factual basis of plaintiff's Count I claim of monopolization. More specifically, the defendants seek to obtain information regarding the factual basis for plaintiff's allegations of defendants' market power and dominance which, according to the complaint, "has been maintained, strengthened and enhanced" and "has created substantial competitive advantages for Cahn."

Interrogatory 17 inquires as to the factual basis for the plaintiff's allegation that it has been injured as a result of defendants' alleged monopolization.

Interrogatory 18 seeks the factual basis for Count II of the plaintiff's complaint which alleges injury from alleged tying and exclusive dealing practices.

Interrogatory 19 seeks information as to the factual basis for the plaintiff's allegations in Count III that plaintiff has been injured as a result of defendants' alleged illegal price, customer and territorial restrictions. The plaintiff has refused to answer these interrogatories either in whole or in part.

constitutes an attempt to 'retaliate' for the earlier motion filed by defendants to require proper answers to the four interrogatories seeking elementary information as to the factual predicate for the plaintiff's complaint."

It is clear to this Court from the representations of the defendants that the favorable disposition of their motion will have a material effect on the discovery process and their response to the instant discovery. It is, therefore, the opinion of this Court based on the relevant law, the representations of the defendants, and this Court's prior decision on their motion that the plaintiff's motion should be granted. The defendants' objections to the interrogatories are overruled. The plaintiff is ordered to resubmit the disputed interrogatories to the defendants and the defendants are instructed to appropriately and adequately respond to the interrogatories in light of this Court's reasoning in its decision of the defendants' prior motion and the general trend of cases for a liberal interpretation of the rules of discovery.[2]

Accordingly, it is hereby ordered that:

1. defendants' motion for an ·order compelling responsive answers to four interrogatories is granted;

2. plaintiff's motion for an order compelling discovery is granted and plaintiff is ordered to resubmit the disputed interrogatories to the defendants which are to be appropriately and responsively answered.

---

2. It might be helpful to the defendants in adequately and fully responding to the plaintiffs' interrogatories to consult the following cases which deal with the question of whether certain information is confidential business information: Erone v. Skouras Theatres Corporation, 22 F.R.D. 494 (S.D.N.Y.1958); Carter v. Atlanta Enterprises, Inc., 19 F.R.D. 362 (N.D.Ga.1956); and Reed v. Swift & Co., 11 F.R.D. 273 (W.D.Mo.1951).