**In re FOLDING CARTON ANTITRUST LITIGATION.**

**This Document Relates to: all Actions.**

**MDL No. 250.**

United States District Court,
N. D. Illinois, E. D.

Aug. 28, 1978.

Perry Goldberg, Specks & Goldberg, Chicago, Ill., for plaintiffs' Executive Committee Chairman.

Lee A. Freeman, Sr., Freeman, Rothe, Freeman & Salzman, Chicago, Ill., for plaintiffs.

James B. Sloan, Chicago, Ill., for plaintiffs' Coordinating Secretary.

John J. McHugh, Chadwell, Kayser, Ruggles, McGee & Hastings, Chicago, Ill., for defendants' Exec. Comm. Chairman.

Donald G. Kempf, Jr., Kirkland & Ellis, Chicago, Ill., for Co-Chairman defendants' Exec. Comm.

Roger B. Harris, Altheimer & Gray, Chicago, Ill., for defendants' Coordinating Secretary.

PRETRIAL ORDER NO. 35

MEMORANDUM AND ORDER

ROBSON and WILL, Senior District Judges.

This cause is before the court on the motion of plaintiffs to overrule the objections of all defendants to certain portions of plaintiffs' joint first wave interrogatories relating to industry information and to direct all defendants to answer the interrogatories as propounded. For the reasons hereinafter stated, defendants' objections are overruled, plaintiffs' motion is granted, and defendants are directed to answer the interrogatories as propounded.

If we had been aware of the contents of the motion now before us prior to the briefing of the motion, we could have disposed of the motion by a minute order. To take the court's time on this motion, even though the parties are willing to spend their time on such a motion, is, to say the least, preposterous.

Defendants object to answering the interrogatories relating to industry information for any period beyond December 31, 1974. Defendants object to the use of the phrase "relates to" in interrogatory 5 seeking identification of studies, reports, statistical bulletins, analyses, memoranda, and data compilations of folding carton operations for enumerated economic measures. Defendants further object to the use of the phrase "pertaining in any respect to" in interrogatories 10 and 12 seeking the names and addresses of all persons to whom defendants sent and from whom defendants received statistical and/or economic information, data, reports, studies, or analyses of folding carton operations for enumerated production and economic measures.

*Post-1974 Information*

■ Defendants object to the answering of industry information interrogatories for the post-1974 period. The burden of persuasion is on the defendants, the objecting parties, to show why release of this information would be improper. 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2173, at 542–44 [hereinafter Wright & Miller]. Plaintiffs state that post–1974 industry information is relevant to show "the continuing existence of the conspiracy alleged; damages; whether the conspiracy, if and when it terminated, had a continuing impact on the pricing structure and, if so, the extent thereof." Defendants state that plaintiffs' statement fails to address the varied and specific nature of the detailed interrogatories, the burden compliance would impose, or the specific relevancy of much of the information sought.

■ "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." 8 Wright & Miller, *supra*, § 2008, at 46–47. *See also Detweiler Brothers, Inc. v. John Graham & Co.*, 412 F.Supp. 416, 422 (E.D. Wash.1976). Unquestionably information about folding carton operations is relevant to the subject matter of the action. Because a request for discovery is broadly construed, plaintiffs need not detail the specific relevancy of each interrogatory. Plaintiffs' generalized statement is enough in light of the broad construction given to a request for discovery. *Id.* at 422.

■ Although defendants state that the information sought after December 31, 1974, is beyond the date the purported conspiracy is alleged to have ended, their statement runs counter to the allegations of some of plaintiffs' complaints. For example, plaintiff Lincoln Bottling Company alleges a conspiracy continuing *at least* until November, 1974, and other plaintiffs allege a conspiracy continuing *at least* until the date of filing of their complaints (*see, e. g.*, the first amended complaint of Cumberland Farms Dairy, Inc., filed on January 19, 1977) (emphasis added). Thus, the seeking of information for the post–1974 period is clearly relevant to the issues raised in the pleadings.

■ In the prior criminal proceedings concerning folding carton operations, the indictment alleged that a price-fixing conspiracy ended in November, 1974. Nonetheless, even if the post-1974 period is considered to be after the termination of the alleged conspiracy, the economic information sought is relevant to the subject matter of the litigation. In the electrical equipment conspiracy cases, Dr. Reuben Kessel, a court-appointed economic expert, used information similar to that sought by the plaintiffs for five post-conspiracy years in reporting to the court on damages. C. Bane, *The Electrical Equipment Conspiracies* 375 (1973) [hereinafter Bane]. Damages in a price-fixing case may be established by evidence of post-conspiracy period prices and conditions as contrasted with conditions during the conspiracy. *Armco Steel Corp. v. Adams County, North Dakota*, 376 F.2d 212, 214 (8th Cir. 1967); *Ohio Valley Electric Corp. v. General Electric Co.*, 244 F.Supp. 914, 940–41 (S.D.N.Y.1965). If an economically effective price conspiracy takes place over a long period of time and the industry suddenly becomes competitive, then profits and prices are expected to fall. A dramatic fall in prices in the last years of a conspiracy and the post-conspiracy period may indicate the presence of a price-fixing conspiracy rather than a mere decrease in demand. Bane, *supra*, at 375–76. The relevancy of the industry information for the post-1974 period is shown by the experience of some defendants with economic problems in their folding carton operations in 1977 and 1978.* Plaintiffs are

---

* Mr. Eugene Blankenheim, a vice-president of Diamond International Corporation, testified during his deposition that Diamond's folding carton operations have become unprofitable as a whole during the past three years. The Diamond corporation closed two of its six folding carton plants in 1977 and early 1978. (Blankenheim deposition at 11–14). The Wall Street Journal of Wednesday, April 19, 1978, at 16, revealed that the Alton Box Board Company

entitled, through their interrogatories, to economic information for the alleged post-conspiracy period to determine whether or not the economic data suggest the presence or absence of a conspiracy and to determine damages if a conspiracy is found to exist.

Defendants suggest that discovery for the post-1974 period should not be allowed until a showing that the answering of the interrogatories for the 1960–1974 period is insufficient discovery. Defendants' suggestion is misguided because the post-1974 industry information is relevant to the determination of the existence of the alleged conspiracy, the termination of the alleged conspiracy, and the determination of damages, if any, irrespective of the answers to the interrogatories for the 1960–1974 period.

Defendants state that to require providing the information sought to the date of the answer to the interrogatories could seriously interfere with defendants' ongoing operations because much of the information sought is not collected by defendants' accounting and reporting systems until some time after the events recorded. As stated in pretrial order no. 24 in these proceedings, "'[t]hat production of documents would be burdensome and expensive and would hamper some of the defendants' business operations is not in itself a reason for refusing to order discovery which is otherwise appropriate.' 4A *Moore's Federal Practice* § 34.19[2], at 34–106." *In re Folding Carton Antitrust Litigation,* 76 F.R.D. 420, 426 (N.D.Ill.1977). This statement is equally true for the answering of interrogatories. Furthermore, plaintiffs' suggestion in its reply memorandum that defendants can provide all information through the first quarter of calendar year 1978 without interference with current business operations is reasonable. Defendants should produce all information through the first quarter of calendar year 1978 that is relevant to the interrogatories at issue.

Gulf States Paper Corporation has filed a response to plaintiffs' motion stating that it has already provided industry information to the eighth month of the 1978 fiscal year so that plaintiffs' motion is inapplicable to it. Packaging Corporation of America has filed a response stating that it has followed plaintiffs' compromise suggestion by providing industry information through 1976. Weyerhauser Corporation has filed a response stating that it has answered the interrogatories at issue without regard to any time period objection. Plaintiffs admit in their reply memorandum that Gulf States Paper Corporation interposed no objection to the time period covered by plaintiffs' industry information interrogatories and that Gulf States fully answered the interrogatories. Plaintiffs in their reply memorandum further state that Packaging Corporation and the Weyerhauser Corporation, like the other defendants, communicated by letter of Mr. Shamberg, chairman of defendants' second wave discovery subcommittee, that their interrogatory answers do not represent a waiver of the objection to providing industry information for the post-1974 period. Plaintiffs state that if Weyerhauser Corporation and Packaging Corporation are now withdrawing their objections in toto, then the need for a court order as to these defendants is obviated. We have received no further memoranda from these defendants. To the extent that these defendants have not answered for the post-1974 period, this order will bind them to do so.

*"Relates to" and Pertaining in any respect to"*

Defendants object to the use of the phrase "relates to" in interrogatory 5 and the phrase "pertaining in any respect to" in interrogatories 10 and 12. They object on the grounds that 1) plaintiffs have not acted in a reciprocal manner to replace the more precise term "records or refers" for the overly broad and unlimited phrases used

reported to its shareholders that the company "posted a $230,000 loss in the first quarter even though sales rose 8.8% to $64.4 million, with 'price wars' depressing profit margins." Al-

though we herein make no judgment whether there was a price-fixing conspiracy, the above suggests the need for discovery of post-1974 industry information.

as defendants previously did in their discovery requests upon plaintiffs' objection, 2) the phrases used are overbroad and vague, and 3) the phrases used require a subjective determination to be made in each instance as to the information to be released.

We would have expected plaintiffs to have acted in a reciprocal manner by accepting a compromise on their industry information interrogatories that defendants in previous discovery requests accepted at plaintiffs' urging. In the future, we think that minor disputes like the one here over phraseology should be resolved by the parties without the necessity of a court order. Nonetheless, the wording used by the plaintiffs in the interrogatories is appropriate, and defendants will not be prejudiced because we doubt that plaintiffs will obtain substantially more information by the phrases they seek to use.

Although the search for information using the phrase "records or refers" may be more precise and definite, the court finds that the phraseology used by the plaintiffs gives the defendants a clear indication of the information to be included in their answer. 8 Wright & Miller, *supra*, § 2168, at 515. The cases that the defendants cite where similar phraseology was rejected as overly broad are inapplicable because in those cases the phraseology was coupled with a request for all information or all documents. *See Deering Milliken Research Corp. v. Tex-Elastic Corp.*, 320 F.Supp. 806, 811 (D.S.C.1970); *Mort v. A/S D/S Svenborg*, 41 F.R.D. 225, 227 (E.D.Pa.1966). Here, plaintiffs make no expansive, overbroad definition of the documents sought, specifically enumerating the types of documents sought.

Defendants further contend that plaintiffs' phraseology improperly requires a subjective determination of the information to be released. Because interrogatories need not be framed in terms of technical precision, the court finds that the interrogatories are not unduly vague and that the use of "relating to" and "pertaining in any respect to" do not make the interrogatories too indefinite to answer. *See Struthers Scientific & International Corp. v. General Foods Corp.*, 45 F.R.D. 375, 379 (S.D.Tex. 1968). Furthermore, interrogatories using "relating to" and "with respect to" have been used in the electrical equipment conspiracy cases, Bane, *supra* at 460–61, 463; are recommended to be used in the Manual of Complex Litigation, Appendix of Materials 2.00, at 233 (Rev.ed.1977); and have been approved in *Roto-Finish Co. v. Ultramatic Equipment Co.*, 60 F.R.D. 571, 572 (N.D.Ill.1973). Because of this weight of authority and the sufficient definiteness of the phraseology used coupled with the specifically enumerated categories of economic industry information sought, we will overrule defendants' objections to the interrogatories at issue.

For the reasons stated, it is therefore ordered that defendants' objections are overruled, plaintiffs' motion is granted, and defendants are directed to answer the interrogatories as propounded.

It is ordered that the Coordinating Secretaries furnish their co-counsel with copies of this Memorandum and Order.