**Kenneth SCHAAP and Marlene Schaap, Plaintiffs,**

**v.**

**EXECUTIVE INDUSTRIES, INC. and Motor Vacations Unlimited, Inc., Defendants.**

**No. 89 C 7421.**

United States District Court, N.D. Illinois, E.D.

April 4, 1990.

Daniel R. Formeller, Jacqueline A. Criswell, Tressler, Soderstrom, Maloney & Priess, Chicago, Ill., for plaintiffs.

Francis Raymond Petrek, Jr., David A. Kanter, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Plaintiffs Kenneth and Marlene Schaap filed this contract action against defendants Executive Industries, Inc. ("Executive") and Motor Vacations Unlimited, Inc. ("Motor Vacations"), alleging that defendants sold them a motor home with substantial defects. In addition to their breach of contract claim, plaintiffs assert claims for breach of express and implied warranties. With the commencement of discovery, plaintiffs submitted a set of interrogatories and a request for production of documents, to which defendants raised several objections. Defendant Executive, which manufactures the "Prestige" model motor home purchased by plaintiffs, objects to ten different interrogatories and two requests for production of documents. Defendant Motor Vacations, which acts as a distributor/dealer for Executive, has also raised objections to ten interrogatories and two document requests. Plaintiffs now seek to compel defendants to comply with their discovery requests.

## DISCUSSION

█ The Federal Rules of Civil Procedure only provide for the discovery of relevant material. Fed.R.Civ.P. 26(b)(1). But relevancy "is to be more loosely construed at the discovery stage than at the trial." *Kerr v. United States Dist. Ct.*, 511 F.2d 192, 196 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2008, at 41 (1970)). Rule 26 contemplates the discovery of not only admissible evidence, but also material which is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R.Civ.P. 26(b)(1). Defendants' objections will thus be examined in light of the liberal construction given to discovery requests under the federal rules.

### I. Executive's Objections

Executive objects to interrogatories 4, 5, 7(a), 8, 10, 11, 12, 13, 14, and 16, and document requests 3 and 5.

█ In connection with its objections to interrogatories 4, 5, and 10, and document requests 3 and 5, Executive argues that the information sought is irrelevant. Despite Executive's objections, a request for discovery must be complied with unless it is clear that there is no possibility that the information sought may be relevant to the subject matter of the litigation. *In re Folding Carton Antitrust Litig.,* 83 F.R.D. 251, 254 (N.D.Ill.1978); *Sherman Park Community Ass'n v. Wauwatosa Realty Co.,* 486 F.Supp. 838, 845 (E.D.Wis. 1980); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2008, at 46–47 (1970). As an objecting party, Executive is required to specifically detail the reasons why each interrogatory is irrelevant— whether it be by a simple affidavit or some other evidence which supports its objection. *Roesberg v. Johns–Manville Corp.,* 85 F.R.D. 292, 296–97 (E.D.Pa.1980). General objections are not proper. *Id.*

█ Contrary to Executive's position, the information sought by plaintiffs does not appear to be patently irrelevant. In interrogatory 4, plaintiffs seek to discover information regarding the various models of Prestige motor homes manufactured by Executive since 1982, the distributors used by Executive, and documents relating to the design and manufacture of the motor

homes. Interrogatory 5 requests information concerning sales of Prestige motor homes, complaints filed by purchasers, and all documents relating to warranties provided by Executive. Interrogatory 10 and document request 3 both seek information regarding defects or complaints of defects in the braking and electrical systems of Prestige motor homes. In document request 5, plaintiffs ask Executive to reveal all lawsuits filed against Executive after 1982 by purchasers of Prestige motor homes.

Notwithstanding the apparent relevancy of the subject matter of those interrogatories, Executive argues that discovery should be limited to information concerning the 1989 Prestige model purchased by plaintiffs. Information regarding earlier models, Executive contends, is irrelevant to the case at bar. Executive, however, has not produced any evidence or cited any authority in support of its position. Indeed, information concerning similar models that have the same component parts or structural defects, and the circumstances surrounding the marketing and sale of those models, may shed some light on the issues involved in this case. *Cf. Uitts v. General Motors Corp.*, 58 F.R.D. 450, 452 (E.D.Pa.1972) (in a products liability action, the court refused to limit discovery to the exact type of vehicle at issue in the case; plaintiff permitted to obtain discovery of different models with similar parts). This court, therefore, sees no reason to limit the scope of plaintiffs' discovery requests.

■ In addition to its relevancy objection, Executive claims that the aforementioned discovery requests are overly broad and burdensome. However, as this court previously indicated, the objecting party must specify the nature of the burden and provide specific explanations as to why the interrogatory cannot be answered. *See Martin v. Easton Publishing Co.*, 85 F.R.D. 312, 316 (E.D.Pa.1980) ("To resist answering interrogatories, plaintiff cannot invoke the defense of oppressiveness or unfair burden without detailing the nature and extent thereof."). Executive has failed to do so in this case. The mere fact that Executive will be required to expend a considerable amount of time, effort, or expense in answering the interrogatories is not a sufficient reason to preclude discovery. *Roesberg*, 85 F.R.D. at 297. By making overly general assertions of undue hardship, Executive cannot avoid complying with plaintiffs' discovery requests.

Executive also objects to interrogatory 7(a), wherein plaintiffs request the names of employees who were involved in the manufacturing, marketing, and sale of the vehicle they purchased. Once again, Executive makes a general assertion that the interrogatory is vague and ambiguous. Although Executive is under no obligation to answer a question that is vague and ambiguous, this court sees no ambiguity on the face of interrogatory 7(a).

The remaining objections stem from plaintiffs' inquiry into Executive's contentions. In interrogatory 8, plaintiffs ask Executive whether it takes the position that the motor home was merchantable and fit for its particular purpose and, if so, the factual basis for that position. Plaintiffs also ask Executive to state whether it takes the position that plaintiffs could have discovered the defects prior to acceptance and, if so, the factual basis for that contention. Interrogatories 11–14 inquire into the basis for Executive's denial of the allegations in paragraphs 16, 33, 34, and 35 of the complaint.[1] In interrogatory 16, plaintiffs

---

1. Paragraphs 16, 33, 34, and 35 of plaintiffs' complaint state as follows:

 16. Defendants have refused to honor the SCHAAPS' revocation of acceptance, and have refused to take back the motorhome and return the purchase price as required by Uniform Commercial Code, Article 2, Sect. 608(3) and Sect. 711(1) (Ill.Rev.Stat. ch. 26, § 2–608, 2–711).

 33. Both MOTOR VACATIONS and EXECUTIVE knew, or had reason to know, the purpose for which the SCHAAPS purchased the motorhome.

 34. Both MOTOR VACATIONS and EXECUTIVE knew, or had reason to know that the SCHAAPS relied upon their skill and judgment in their selection of this motorhome.

 35. The SCHAAPS relied upon defendants' skill and knowledge in their selection of this motorhome.

Plaintiffs' Complaint, ¶¶ 16, 33–35.

ask Executive to disclose the factual basis behind its general denial of liability. Executive objects to all of those interrogatories, claiming that it should not be required to disclose its legal theories and strategies.

 Naturally, a party does not have to answer a question that delves into purely legal issues unrelated to the facts of the case. Fed.R.Civ.P. 33(b) (advisory committee notes). But an interrogatory "is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact." Fed.R. Civ.P. 33(b); *see also Sargent–Welch Scientific Co. v. Ventron Corp.*, 59 F.R.D. 500, 502 (N.D.Ill.1973). The questions asked by plaintiffs in this case only require a simple yes or no answer, and the factual basis behind that answer. Consequently, Executive can reveal the facts behind its position without revealing its mental impressions and trial strategies. The disputed interrogatories are not objectionable solely because they inquire into Executive's position on a particular issue. After all, one of the main goals of discovery is to clarify, narrow, and sharpen the issues. *Ventron Corp.*, 59 F.R.D. at 502. For the litigation to proceed fairly and effectively, there must be mutual access to all relevant facts. *Id.* at 503. To ensure mutual access to all relevant facts, Executive is hereby ordered to respond to plaintiffs' interrogatories.[2]

## II. Motor Vacations' Objections

 Many of the interrogatories propounded to Motor Vacations are identical in form to the interrogatories submitted to Executive. Motor Vacations' objections essentially mirror those of Executive, reverberating the familiar "overbroad," "vague," and "irrelevant" responses. For instance, interrogatory 5 and document request 3 seek information related to defects in Prestige motor homes sold by Motor Vacations since 1982, any complaints made by the purchasers regarding the defects, and the substance of any warranties made by Motor Vacations. In response to those discovery requests, Motor Vacations simply states that the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This general response is inappropriate. Since discovery requests are to be interpreted liberally, plaintiffs are not required to outline the specific relevancy of each interrogatory. *In re Folding Carton Antitrust Litig.*, 83 F.R.D. at 254. Moreover, the court "is not required to sift each interrogatory to determine the usefulness of the answer sought." *Hoffman v. Wilson Line, Inc.*, 7 F.R.D. 73, 74 (E.D.Pa.1946) (quoting *Bowles v. Safeway Stores, Inc.*, 4 F.R.D. 469, 470 (W.D.Mo.1945)). It is the obligation of the defendant to object with particularity so that the court can ascertain the objectionable character of the discovery request. Having failed to object with particularity, Motor Vacations' objections to interrogatory 5 and document request 3 are overruled. *See Sherman Park*, 486 F.Supp. at 845.

Motor Vacations also raises objections to interrogatories 6(e), 7, 8, 9, 10, 11, 12, 14, and 15, and document request 5. The court will now address each of those objections.

Interrogatories 7, 9, 10, 11, 12, and 14 correspond to interrogatories 8, 11, 12, 13, 14, and 16 that were propounded to Executive. Motor Vacations has raised the same objections made by Executive. For the same reasons that this court overruled Executive's objections, Motor Vacations' objections to interrogatories 7, 9, 10, 11, 12, and 14 are also overruled.

In interrogatory 8, plaintiffs seek to discover any representations that may have been made by Motor Vacations regarding the quality and fitness of the motor home at the time it was sold or delivered to plaintiffs. While the relevance of that question seems clear, Motor Vacations objects to "the form of the question." Once

---

**2.** Plaintiffs also seek to compel an answer to interrogatory 9(a), to which Executive had initially responded: "research is continuing." Because Executive has not objected to that interrogatory and, in fact, has expressed its intention to respond, plaintiffs' motion to compel an answer to interrogatory 9(a) need not be resolved.

again, Motor Vacations gives absolutely no explanation as to the nature of its objection. Its general objection, without more, is an insufficient basis for refusal to answer.

In interrogatory 15, plaintiffs ask Motor Vacations to identify any defects or complaints of defects in the electrical or braking system of Prestige motor homes sold after 1982. Similar to the objection raised by Executive, Motor Vacations argues that only the 1989 Prestige model is relevant. The court has already rejected this argument and, therefore, Motor Vacations' objection to interrogatory 15 is overruled.

With respect to interrogatory 6(e), which initially requested information concerning any defect existing in the motor home sold to plaintiffs, Motor Vacations objected to the use of the term "defect." It argued that the interrogatory calls for a legal conclusion. Nonetheless, plaintiffs have subsequently modified the interrogatory by asking Motor Vacations to identify any maintenance or warranty work performed on the motor home. Since interrogatory 6(e), as modified, no longer makes any reference to the term "defect," Motor Vacations' objection is overruled.

██ Finally, in document request 5, plaintiffs ask Motor Vacations to produce any documents related to recent lawsuits in which it was sued by other purchasers of motor homes. Although the general subject matter of the interrogatory appears to be relevant, the interrogatory as drafted is too broad. A request for information regarding purchasers of *all* motor homes sold by Motor Vacations is unreasonable. The court finds that a document request limited to purchasers of similar models— *i.e.,* earlier Prestige models—would be more suitable for purposes of this litigation.

In light of the broad construction given to discovery requests, defendants have a heavy burden to show why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975). In the instant case, defendants have submitted virtually no evidence in support of any of their objections. As a consequence, defendants' objections are overruled.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel is granted, and defendants are hereby ordered to promptly and adequately respond to plaintiffs' requests for discovery. However, document request 5 submitted to Motor Vacations shall be limited to information concerning purchasers of Prestige model motor homes.

IT IS SO ORDERED.