SYMONS INTERNATIONAL GROUP, INC., Bradford T. Whitmore, Plaintiffs,

v.

CONTINENTAL CASUALTY COMPANY, Defendant.

Continental Casualty Company, 1911 Corp., Superior Insurance Group, Counter Claimants,

v.

Symons International Group, Inc., Bradford T. Whitmore, Counter Defendants.

Superior Insurance Group, Bradford T. Whitmore, Cross Claimants,

v.

Bose McKinney & Evans LLP, Continental Casualty Company, Bradford T. Whitmore, Superior Insurance Group, Cross Defendants.

Continental Casualty Company, 1911 Corp., Third Party Plaintiffs,

v.

Alan G. Symons, G. Gordon Symons, Granite Reinsurance Company, Ltd., Goran Capital, Inc., Superior Insurance Group, Bose McKinney & Evans LLP, Robert Symons, Third Party Defendants.

Stephen Cleaver, Virginia Wright, Maroula Kyriacou, Wilmington Trust Company, Intervenors.

No. 1:01–cv–00799–RLY–MJD.

United States District Court, S.D. Indiana, Indianapolis Division.

Signed Dec. 5, 2014.

Arend J. Abel, Michael Wesley McBride, Cohen & Malad LLP, Indianapolis, IN, Peter S. Kovacs, Peter Kovacs Law PC, Fishers,

IN, for Plaintiffs/Counter Defendants/Third Party Defendants.

Ellen S. Robbins, James A. Hardgrove, Sidley Austin LLP, Chicago, IL, Harry Baumgartner, Samuel J. Thomas, Bressler Amery & Ross, PC, Florham Park, NJ, Michael Rabinowitch, Robert L. McLaughlin, Wooden & McLaughlin LLP, Indianapolis, IN, for Defendant/Counter Claimants/Cross Defendants/Third Party Plaintiffs.

Michael J. Alerding, Scott Alan Kreider, Alerding Castor Hewitt LLP, Indianapolis, IN, for Cross Claimants.

Michael H. Michmerhuizen, Barrett & McNagny LLP, Fort Wayne, IN, W. Daniel Deane, Nixon Peabody LLP, Manchester, NH, for Intervenors.

## ORDER ON MOTION FOR PROCEEDINGS SUPPLEMENTAL

MARK J. DINSMORE, United States Magistrate Judge.

This matter comes before the Court on Continental Casualty Company's ("CCC") Verified Motion for Proceedings Supplemental. [Dkt. 576.] For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** CCC's motion.

### I. Background

This litigation arises from a Strategic Alliance Agreement ("SAA") entered into by Continental Casualty Company, IGF Insurance Company ("IGF"), IGF Holdings ("IGFH"), and Symons International Group, Inc. (Indiana) ("SIG"). The factual background is set out in more detail in the Court's prior entries. [See, e.g., Dkt. 257.] In brief, the IGF Parties sued CCC, alleging breach of contract, fraud, and breach of fiduciary duty. CCC filed claims against the IGF Parties and two affiliated companies, Goran Capital, Inc. ("Goran") and Granite Reinsurance Company, Ltd. ("Granite Re"). CCC then amended its claims to add five new Defendants: Pafco General Insurance Company ("Pafco"), Superior Insurance Company ("Superior"), G. Gordon Symons, Alan G. Symons, and Douglas H. Symons.

CCC alleged that the IGF parties breached the SAA; that IGFH breached the terms of a promissory note; and that IGF fraudulently transferred assets to Goran, SIG, Granite Re, Pafco, and Superior. CCC also asserted an alter ego theory seeking to hold the individual and corporate counter-defendants accountable for the contractual liabilities of IGF and IGFH.

The Court entered findings of fact and conclusion of law on October 19, 2009. [Dkt. 257.] Among other findings, the Court determined that the individual counter-defendants owned the majority interest in and effectively controlled SIG, Granite Re, Superior, Pafco, IGF, and IGFH. [Id. at 49.] The Court also noted that SIG indirectly owned 100% of Pafco and Superior. [Id.]

On July 14, 2014, the Court entered an Amended Final Judgment in favor of CCC and against SIG and IGFH on CCC's breach of contract claims. [Dkt. 557.] The Court also found in favor of CCC on its fraudulent transfer and alter ego claims. It accordingly entered judgment against the individual and corporate counter-defendants Alan G. Symons; Robert Symons, as successor in interest of G. Gordon Symons; IGFH; SIG; Goran; and Granite Re. [Id. at 3.] The Court determined that the counter-defendants were jointly and severally liable for $34,258,078.00, plus prejudgment interest in the amount of $10,036,978.00 through December 31, 2012. [Id.] During these proceedings, both Pafco and Superior underwent rehabilitation, and the assets of both companies were interpled to this Court. [See Dkt. 576 at 2.]

On July 29, 2014, Goran, Goran Re, Alan G. Symons, SIG, and Robert Symons appealed from the Amended Final Judgment to the Seventh Circuit. [Dkts. 562 & 564.] The same day, CCC filed an application for a writ of execution to satisfy the Court's judgment. [Dkt. 568.] On August 7, 2014, CCC then filed the current Motion for Proceedings Supplemental. [Dkt. 576.]

CCC's motion identifies Alan Symons, Robert Symons as successor in interest of G. Gordon Symons, IGFH, SIG, Goran, and Granite Re as the "Judgment Debtors." [Dkt. 576 ¶ 1.] It also identifies Superior Insurance Group ("Superior Group") and Superior Insurance Group Management ("Supe-

rior Management") as the "Garnishee Defendants." [Dkt. 576 ¶ 4.] The motion states that the Garnishee Defendants "are shell companies with no assets other than the surpluses of Superior and Pafco, which have been interpled to this Court." [*Id.* ¶ 4.] CCC also claims that the Garnishee Defendants are "completely controlled by the Symons Family," such that they are "each alter egos of the other Symons Parties." [*Id.*]

CCC asks the Court to order the Judgment Debtors and Garnishee Defendants to appear and "answer as to any non-exempt property subject to proceedings supplemental." [*Id.* at 3.] It has also attached document requests related to the Judgment Debtors' and Garnishee Defendants' finances, and ask the Court to order a response to these requests within 21 days. [*Id.* at 3–7.] Finally, CCC asks the Court to order that all property belonging to the Judgment Debtors be applied towards the judgment. [*Id.* at 3.]

## II. Discussion

The Judgment Debtors and Garnishee Defendants filed three responses to CCC's motion for proceedings supplemental. SIG, Granite Re, and Goran present four arguments in opposition. They contend 1) that CCC has not followed the proper procedures governing its motion for proceedings supplemental and its document requests [Dkt. 589 at 2.]; 2) that CCC's requests are duplicative and unduly burdensome [*id.* at 3]; 3) that proceedings supplemental are limited to assets within this judicial district [*id.* at 5]; and 4) that neither Pafco nor Superior Insurance Company has been named as a Garnishee Defendant or served with process. [*Id.* at 6.] Alan G. Symons and Superior Insurance Group filed a separate response that reiterates many of these arguments, but adds that the Garnishee Defendants have not been properly served. [Dkt. 588 at 3.] Finally, Robert Symons states only that he stands by the arguments in the other responses. [Dkt. 587 at 1–2.]

### A. Procedure for Discovery Requests

Rule 69 governs proceedings supplemental to a judgment:

(1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

(2) *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Fed.R.Civ.P. 69(a). This action is pending in Indiana and no party has suggested that a federal statute governs the collection of CCC's judgment. [*See* Dkts. 576, 587, 588, 589, & 592.] The law of Indiana therefore controls.

■ Indiana Trial Rule 69(E) governs proceedings supplemental:

(E) **Proceedings supplemental to execution.** Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:

(1) that the plaintiff owns the described judgment against the defendant;

(2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;

(3) that the defendant be ordered to appear before the court to answer as to his non-exempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,

(4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to

appear and answer concerning the same or answer interrogatories submitted with the motion.

If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both.

Ind. R. Trial P. 69(E). CCC's verified motion in this case states that it owns a judgment against the Judgment Debtors, [Dkt. 576 ¶ 1], and that it has no cause to believe that levy of execution will satisfy the judgment. [*Id.* ¶ 2.] It then asks the Court to order the Judgment Debtors to appear and answer as to any non-exempt property subject to proceedings supplemental. [*Id.* at 3.] The motion thus complies with Indiana Trial Rule 69(E), subsections (1) through (3), as set out above. Alan Symons and Superior Group, however, assert that CCC's motion does not comply with subsection (4) of Trial Rule 69(E) because "there has been no assertion that either [Garnishee Defendant] has any non-exempt property of a Judgment Debtor or has an obligation owing to a Judgment Debtor." [Dkt. 588 at 3; *see also* Dkt. 594–1 at 4.]

CCC's motion states that Garnishee Defendants Superior Group and Superior Management are shell companies with no assets other than the surpluses of Pafco and Superior, and that the Garnishee Defendants are alter egos of the other Symons parties. [Dky. 576 ¶ 4.] The Symons parties include Symons International Group, which is one of the parties against whom the Court previously entered judgment. [*See* Dkt. 557 at 2.] Thus, the motion alleges that the Garnishee Defendants are alter egos of the Judgment Debtors, such that the motion amounts to a claim that the Garnishee Defendants have "non-exempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental." Ind. R. Trial P. 69(E)(4). The Court acknowledges that CCC could have been clearer in its assertion of a claim against the Garnishee Defendants, but the Court also considers it inappropriate to delay the proceedings supplemental for such

technical reasons. *Cf. Gagan v. SBC Cablevision,* No. 2:87 CV 732, 2012 WL 5930624, at *4 (N.D.Ind. Nov. 27, 2012) (noting that "Rule 69 was intended to ease the burden on the judgment creditor" in determining which assets are available to execute a judgment). The Court thus concludes that CCC's motion comports with state law governing proceedings supplemental.

■ CCC's motion then includes a request for production of documents and asks the Court to order "Judgment Debtors and Garnishee Defendants to … produce the documents requested in the attached request for documents" within 21 days. [Dkt. 576 at 3.] The Judgment Debtors contend that such a request is improper because neither the federal nor state rules governing discovery "call for preapproval of document requests by the Court or an order setting a production date far earlier than the discovery rules." [Dkt. 589 at 3.]

■ As noted above, proceedings supplemental in this case must comport with Indiana Trial Rule 69(E), which provides that in "aid of the judgment or execution, the judgment creditor … and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental." Ind. R. Trial P. 69(E). Federal Rule of Civil Procedure 69(a)(2), meanwhile, states that "the judgment creditor … may obtain discovery from any person—including the judgment debtor—**as provided in these rules or** by the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(2) (emphasis added). Both state and federal rules thus allow for discovery in proceedings supplemental, and in considering the procedure by which discovery is conducted, the Court has considerable discretion: "We do not think the draftsmen of Rule 69 meant to put the judge into a procedural straitjacket, whether of state or federal origin." *Resolution Trust Corp. v. Ruggiero,* 994 F.2d 1221, 1226 (7th Cir.1993). Thus, the Court does not necessarily need to "borrow the *entire* procedural law of the state," nor does the Court need to "apply the federal rules because they have the force of statute." *Id.* (emphasis original).

Instead, the Court has discretion to fashion procedures ensuring that "[p]roceedings to enforce judgments" remain "swift, cheap, [and] informal." *Id.*

In this case, federal and state law support CCC's assertion that it may serve the document requests at issue. First, the rules governing both federal and state proceedings supplemental allow use of the usual methods of discovery. *See* Fed.R.Civ.P. 69(a)(2); Ind. R. Trial. P. 69(E). Second, the usual methods of discovery at both the federal and state level contemplate serving requests for production of documents on both parties and non-parties. *See* Fed.R.Civ.P. 34(a)(1)(A); Fed.R.Civ.P. 45(a)(1)(A)(iii); Ind. R. Trial P. 34(A)(1); Ind. R. Trial P. 45(B). CCC's instant requests for production of documents thus fall squarely within the scope of both the federal and state rules governing discovery.

Further, although the Judgment Debtors and Garnishee Defendants correctly note that neither the state nor federal rules "call for preapproval of documents requests by the Court" or for orders compelling production of documents before the parties have "work[ed] cooperatively to attempt to resolve such issues," [Dkt. 589 at 3; *see also* Dkt. 588 at 4], this contention is irrelevant. As CCC explains in its reply, "CCC is not requesting that the Court pre-approve each paragraph in its document request and order that every responsive document to each paragraph be produced." [Dkt. 592 at 6.] Rather, CCC asks only for the Court "to approve the initiation of the proceedings supplemental, and the serving of the attached requests." [*Id.; see also* Dkt. 592 at 7 ("CCC is not asking that the Court ... order that each request be fully responded to, subject to punishment under Fed.R.Civ.P. 37(b).")] After the requests have been served, the usual discovery process will govern, and any disputes will be subject to the applicable federal, state, and local rules requiring the parties to cooperate before seeking Court intervention. *See* S.D. Ind. L.R. 37–1; Ind. R. Trial P. 26(F). These requirements, however, present no basis for denying initiation of the proceedings supplemental.

■ CCC finally asks the Court to order that a response to the document requests be made within 21 days. [Dkt. 576 at 3.] The Judgment Debtors and Garnishee Defendants contend that this improperly shortens the time to respond and argue that CCC should file a separate motion requesting that the Court order an abbreviated time to respond. [Dkt. 589 at 3; Dkt. 594–1 at 2.]

The Indiana Trial Rules, however, provide that a party receiving a request for production "shall serve a written response within a period designated in the request, not less than thirty [30] days after the service thereof or *within such shorter or longer time as the court may allow.*" Ind. R. Trial P. 34 (emphasis added). The federal rules likewise provide that a "shorter or longer time may be ... ordered by the court." Fed.R.Civ.P. 34(b)(2)(A). The Court thus has discretion to order a shorter time to respond, such that CCC's request does not render its motion for proceedings supplemental or its request to serve document requests procedurally deficient, and, contrary to the suggestion of the Judgment Debtors and Garnishee Defendants, the rules do not require CCC to seek such relief by a separate motion.

■ Nonetheless, after reviewing CCC's requests for production, the Court will decline to order a shorter time to respond. CCC requests numerous categories of documents covering a period of almost fifteen years. [Dkt. 576 at 5.] The parties receiving the requests may well require 30 days to fully respond to CCC's requests. The Court therefore **GRANTS** CCC's motion insofar as it asks for leave to serve the document requests at issue, but **DENIES** the motion's request that a response be ordered within 21 days of service. Instead, the parties shall have the 30 days allowed by the applicable rules·in which to respond.

### B. Burden of CCC's Requests

The Judgment Debtors and Garnishee Defendants next argue that CCC's document requests duplicate discovery "that CCC actually took, or should have taken, in this case before the case was tried in 2007 and 2008." [Dkt. 588 at 5; Dkt. 589 at 3.] They also

contend that the requests are unduly burdensome. [Dkt. 588 at 4; Dkt. 589 at 3–5.]

■ The first contention is without merit. The Court has reviewed CCC's proposed requests and agrees that they are "aimed solely at discovering assets of the Defendants that might be recovered to satisfy the judgment." [Dkt. 592 at 7.] The requests therefore will likely have little overlap with discovery that may have been conducted during earlier phases of this litigation.

Moreover, if the proposed requests do prove duplicative, the parties can address that issue after the requests are served: in fact, the Judgment Debtors specifically acknowledge that "[c]ounsel for CCC and for the Judgment Debtors and Garnishees can probably work out most or all of these issues in the give and take that accompanies requests under the discovery rules and attendant meet and confer requirements." [Dkt. 589 at 5.] The Judgment Debtors remain concerned that such "give and take" cannot occur if the Court orders a response to CCC's requests, but this concern is groundless: as noted above, the Court is not ordering a response to CCC's requests on pain of sanctions for noncompliance. Instead, this Court's order will simply allow CCC to serve the requests for production, after which the normal discovery procedures—including the "give and take" suggested by the Judgment Debtors—will apply.

■ The contention that the requests are overly burdensome also lacks merit. Under Rule 69, discovery requests in proceedings supplemental "are treated in the same manner as pretrial discovery requests." *Winforge, Inc. v. Coachmen Indus., Inc.*, No. 1:06–CV–619–SEB–WGH, 2011 WL 5844873, at *2 (S.D.Ind. Nov. 18, 2011). During pretrial discovery, a party objecting to requests on the basis of burden must "adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome." *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC,* No. 1:04–CV–477, 2007 WL 1164970, at *4 (N.D.Ind. Apr. 18, 2007). This typically requires affidavits or other evidence establishing the cost or time required to provide the requested information. *See, e.g., Boyer v. Gildea,* No. 1:05–CV–129, 2008 WL 4911267, at *5 (N.D.Ind. Nov. 13, 2008) (granting motion to compel where resisting party did not establish "the amount of time" or "the cost of producing" the documents); *Schaap v. Executive Indus., Inc.,* 130 F.R.D. 384, 387 (N.D.Ill.1990) (requiring "affidavit or some other evidence" to support objection to motion to compel).

The Judgment Debtors in this case have not provided specific evidence or a particularized showing of hardship. They note that the requests call "for vast quantities of information" and that producing even a privilege log for the responsive documents would be a "massive undertaking," [Dkt. 589 at 3–4], but such "overly general assertions of undue hardship" will not suffice. *Schaap,* 130 F.R.D. at 387.

Additionally, the debtors' argument rests on a faulty premise: they contend that if the Court orders responsive production, they must "construe the requests as broadly as the language permits," such that their burden would be especially severe. [Dkt. 589 at 4.] Once again, however, the Court is not yet ordering the debtors to respond to the requests; instead, the Court is merely granting CCC's motion to begin proceedings supplemental and serve the document requests on the Judgment Debtors and Garnishee Defendants. Once the requests are served, the usual "give and take" that accompanies the discovery process, [Dkt. 589 at 5], will help alleviate any burden. Alternatively, if the debtors determine that the requests remain overly burdensome, then they may move for a protective order at that time. *See Peterson v. Farrakhan,* No. 2:03 CV 319, 2008 WL 656267, at *1 (N.D.Ind. Mar. 5, 2008); *see also Caisson Corp. v. Cnty. W. Bldg. Corp.,* 62 F.R.D. 331, 334 (E.D.Pa.1974) ("[T]he judgment debtor and third persons can seek a protective order against abuse of the discovery process."). For now, however, the debtors' burdensomeness objection is both unsupported and premature.

## C. Geographical Limits of Proceedings Supplemental

■ The Judgment Debtors and Garnishee Defendants argue that CCC's motion and

requests are overly broad because the proceedings supplemental should not extend to "any assets outside this district." [Dkt. 589 at 5; *see also* Dkt. 588 at 5 ("[T]he Motion makes no effort to limit its inquiry to information on assets within this Court's jurisdiction.").]

■ The Court acknowledges that its authority to order execution on assets appears to be limited to assets located within this judicial district. *See* 28 U.S.C. § 1963 (providing for registration of judgments in other districts prior to execution in those districts); *see also Bernhard v. BCN Recovery*, No. 10–1075, 2010 WL 2179795, at *2 (C.D.Ill. June 1, 2010) ("[T]he usual procedure is for the judgment creditor to register a judgment in a separate federal district pursuant to Section 1963, then to seek a writ of execution in that district.").

■ This limit on *execution*, however, does not limit the extent of *discovery*. "The federal rules of discovery are liberally construed to effectuate their given purposes. This approach applies with equal force whether the information is sought in pre-trial or in a post-judgment proceeding." *Peterson v. Farrakhan*, No. 2:03 CV 319, 2009 WL 1543600, at *2 (N.D.Ind. June 2, 2009) (citations omitted). Thus, just as in pre-trial discovery, the scope of discovery in proceedings supplemental is governed by Rule 26(b), such that the parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).

■ In this case, CCC may register its judgment in "any other district" and seek execution on assets in that district. 28 U.S.C. § 1963. The existence of assets in any other district is therefore relevant to CCC's claims, making it proper to extend discovery beyond this district to include the nation as a whole, or beyond as may be necessary. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Van Waeyenberghe*, 148 F.R.D. 256, 256 (N.D.Ind.1993) (permitting "very broad" inquiry to discover assets that are "beyond the reach of execution"); *see also Peterson*, 2009 WL 1543600, at *2 (approving a "broad inquiry in order to discover assets that may be hidden or concealed by the judgment debtor"). Limiting discovery to assets located in this district would deprive CCC of the chance to discover such hidden assets and would contravene the purpose of 28 U.S.C. § 1963 by impairing CCC's ability to register and enforce its judgment in other districts.[1] The Court accordingly sees no basis to limit the geographic scope of the discovery CCC seeks to conduct.

■ The Judgment Debtors and Garnishee Defendants also argue that Indiana law prohibits discovery beyond this district. [*See* Dkt. 588 at 5; Dkt. 589 at 5.] They cite *Rice v. Commissioner, Indiana Department of Environmental Management*, in which an Indiana appeals court stated that Indiana Code Section "34–55–8–1 limits the scope of

---

1. Section 1963 permits registration of a judgment "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. The judgment in this case is currently on appeal. [*See* Dkts. 562 & 564.] A party, however, may show "good cause" for registering a judgment even when on appeal when the judgment debtor owns little property in the district in which the court entering the judgment sits, but does own substantial property in other districts. *See Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 372 (7th Cir.1991). Thus, in order to show "good cause" for registering its judgment, CCC will need to conduct discovery concerning the Judgment Debtors' and Garnishee Defendants' assets outside this judicial district.

   The Court also notes that the "good cause" language is specifically intended to address a situation such as that presented in this case: "[T]he 'good cause language' entered the statute in 1988 to deal with the anomaly that a judgment for which no supersedeas bond had been posted was enforceable during appeal only in the rendering district.... A court with jurisdiction to authorize execution if the appellant does not post a bond—power a district court possesses during an appeal—also may make the findings that under § 1963 authorize execution in another district. The statute calls on a district judge to make 'good cause' findings while an appeal is pending." *Chase*, 944 F.2d at 371–72 (citations omitted). To make such findings in this case, the Court may need information on the Judgment Debtors' and Garnishee Defendants' assets in other districts, *see id.* at 372, such that discovery related to assets beyond this district is once again appropriate.

inquiry in proceedings supplemental to 'the judgment debtor's property, income, and profits within the county to which the execution was issued.'" 782 N.E.2d 1000, 1005 (Ind.Ct.App.2003) (quoting Ind.Code § 34–55–8–1).

This case is not persuasive, as a plain reading of the opinion produces an absurd result. The Indiana court in *Rice* acknowledged that the purpose of proceedings supplemental is to "discover[ ] assets" in order to "procure payment of a judgment." *Id.* at 1004. In fact, "the only issue presented in proceedings supplemental is that of affording the judgment-creditor relief to which she is entitled." *Id.* The court then stated that "proceedings supplemental may be filed only in the trial court issuing the underlying judgment." *Id.* Finally, the court stated that the "scope of inquiry in proceedings supplemental" is limited to "'the judgment debtor's property, income, and profits *within the county to which the execution was issued.*'" *Id.* at 1005 (quoting Ind.Code § 34–55–8–1) (emphasis added).

Imposing such a limit on the scope of the proceedings, however, undercuts the very purpose of proceedings supplemental. If the proceedings can *only* be initiated in the county of the court issuing the judgment, *id.* at 1004, and if the scope of the proceedings is *also* limited to assets within the county of the court issuing the judgment, *id.* at 1005, the judgment creditor faces severe restrictions on his ability to obtain payment. Far from "discovering assets" to "procure payment," *id.* at 1004, the judgment creditor in such circumstances is restricted to identifying and executing on whatever assets happen to reside in the county of the court rendering the judgment, without regard for whether those assets are sufficient to satisfy the judgment. This contravenes the proceeding's "only" purpose of "affording the judgment-creditor relief to which she is entitled." *Id.*

■ Such a result cannot be the law, and indeed, Indiana's Trial Rules make clear that such a result is *not* the law. First, the *Rice* court relied on Indiana Code Section 34–55–8–1 to impose its limit on the scope of proceedings supplemental. *Rice,* 782 N.E.2d at 1005. Indiana's rule governing proceedings supplemental, however, provides that the rule applies "[n]otwithstanding any other statute to the contrary." Ind. R. Trial P. 69(E). In addition, the Indiana Code provides that the Indiana Supreme Court "has authority to adopt, amend, and rescind rules of court that govern and control practice and procedure in all the courts of Indiana." Ind. Code § 34–8–1–3. After such adoption, "all laws in conflict with the supreme court's rules have no further force or effect." *Id.* Thus, both Trial Rule 69(E) and the Indiana Code indicate that any conflict between Trial Rule 69(E) and Section 34–55–8–1 must be resolved in favor of the Trial Rule. Trial Rule 69(E), meanwhile, imposes no geographic limitation on the scope of proceedings supplemental. *See* Ind. R. Trial. P. 69(E). Thus, the broad reach of Trial Rule 69(E) must prevail over the limitations in Indiana Code Section 34–55–8–1, and state law therefore does not restrict the scope of discovery associated with proceedings supplemental to the county in which the judgment was issued.

■ For these reasons, the Court concludes that the scope of CCC's proposed document requests appears proper under state law. Moreover, Federal Rule of Civil Procedure 69(a)(2) provides that the "judgment creditor ... may obtain discovery from any person—including the judgment debtor—**as provided in these rules or** by the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(2) (emphasis added). A judgment creditor therefore "has a choice of whether to utilize the federal discovery rules or whether to proceed in accordance with the post-judgment discovery practice of the forum state." *OHM Res. Recovery Corp. v. Indus. Fuels & Res., Inc.,* No. S90–511, 1991 WL 146234, at *2 (N.D.Ind. July 24, 1991). As previously noted, the scope of discovery under the federal rules is broad and extends far beyond this judicial district. Thus, to the extent that there is any conflict between the scope of federal and state discovery procedures, the Court construes CCC's motion as electing to proceed with discovery under the federal rules. The Court therefore will not limit the geographic scope of the requests CCC seeks leave to serve.

#### D. Proper Service of Pafco, Superior Insurance Company, and Garnishee Defendants

The Judgment Debtors and Garnishee Defendants finally argue that CCC has not complied with Trial Rule 69's service requirements with respect to 1) Pafco and Superior Insurance Company, and 2) to the Garnishee Defendants Superior Group and Superior Management. [Dkt. 589 at 6; Dkt. 588 at 3.] Indiana Trial Rule 69 states:

> [A motion for proceedings supplemental], along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4. The date fixed for appearance and hearing or answer to interrogatories shall be not less than twenty [20] days after service. No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution.

Ind. R. Trial P. 69(E). The Judgment Debtors assert that because Pafco and Superior Insurance Company are "not currently parties to this action … CCC must first name them as Garnishee Defendants and then serve them with a summons under [Indiana Trial] Rule 4." [Dkt. 589 at 6.] As CCC explains, however, neither its motion for proceedings supplemental nor its proposed document requests mention Pafco or Superior Insurance Company. [Dkt. 592 at 10; *see also* Dkt. 576 at 5–7; Dkt. 576–1.] Instead, the motion and requests name only the "Judgment Debtors" and "Garnishee Defendants," and neither of these groups includes Pafco or Superior Insurance Company. [*See* Dkt. 576 at 2.] Because the motion and requests do not apply to Pafco or Superior

Insurance Company, Trial Rule 69 does not require service on these parties.

■ Next, Superior Group asserts that "there has been no effort to ensure that service [on the Garnishee Defendants] has been properly completed." [Dkt. 588 at 3.] As noted above, Trial Rule 69(E) entitles each garnishee to "service of process as provided in [Indiana Trial] Rule 4." Ind. R. Trial P. 69(E). CCC, however, explains that once the Court grants its motion to begin the proceedings supplemental, the Garnishee Defendants "will be served with the document requests and a subpoena under Rule 45, together with the Court's Order." [Dkt. 592 at 10.] Thus, to the extent that the Garnishee Defendants are entitled to service, they will receive that service once the proceedings supplemental begin. If CCC does not serve process on the Garnishee Defendants in accordance with the Trial Rules, the Garnishee Defendants can object at that time. For now, however, such an objection is premature.[2]

### III. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** CCC's Verified Motion for Proceedings Supplemental. [Dkt. 576.] The Court authorizes CCC to serve the above-described requests for production on Judgment Debtors Alan Symons; Robert Symons, as successor in interest of G. Gordon Symons; IGFH; SIG; Goran; and Granite Re; and on Garnishee Defendants Superior Group and Superior Management. The parties shall have thirty (30) days after being served to respond to the requests. The Court further orders Alan Symons; Robert Symons, as successor in interest of G. Gordon Symons; IGFH; SIG; Goran; Granite Re; Superior Group and Superior Management to appear on **Monday, February 2, 2014 at 1:00 pm** in room 243, United States District Court, 46 East Ohio Street, Indianapolis, Indiana 46204

---

2. The structure of Trial Rule 69 supports this conclusion: The rule provides that the motion for proceedings supplemental shall be served on the judgment debtor and garnishee *"along with the court's order* stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion." Ind. R. Trial P. 69(E) (emphasis added). The rule thus contemplates service *after* the Court has considered the motion to initiate proceedings supplemental and issued an order, such that the Garnishee Defendants have little cause to complain that they have not yet been served.

to answer as to any non-exempt property that may be applied towards satisfaction of CCC's judgment.