W. Willard WIRTZ, Secretary of Labor,
etc., Plaintiff,

v.

CAPITOL AIR SERVICE, INC., and Nick
E. Dellere, Defendants.

No. T-4083.

United States District Court
D. Kansas.

April 27, 1967.

**642**

Charles Donahue, Sol., Harper Barnes, Regional Atty., John Weiss, E. Carter E. Botkin, Attys., U. S. Dept. of Labor, for plaintiff.

Charles D. Green, of Arthur & Green, Manhattan, Kan., for defendants.

## RULING ON DEFENDANTS' OBJECTIONS TO INTERROGATORIES AND REQUEST FOR ADMISSIONS

TEMPLAR, District Judge.

Plaintiff, as Secretary of Labor, filed an action in this Court to enjoin and restrain defendants for violating the overtime and record keeping provisions of the Fair Labor Standards Act, including restraint of withholding back wages due employees.

Plaintiff filed Request for Admissions and also filed Interrogatories to be answered by defendants. A detailed stipulation of facts was entered into by counsel for the parties, each reserving the right to produce additional and further evidence not inconsistent with the facts so stipulated.

The Stipulation reveals that defendant, Capitol Air Service, Inc., is a corporation having its principal office and place of business in Manhattan, Kansas, and at all times pertinent was engaged in operating an air charter and flight line service, a flying school, and rendering maintenance and repair service to aircraft landing at the Municipal Airport at Manhattan, Kansas. It was further stipulated that the defendant Dellere resides in Manhattan and is the president of the Capitol Air Service, Inc. and actively manages and supervises its business affairs. Furthermore he has acted at all times material directly and indirectly in the interest of the corporation in relation to its employees, including the authority to hire and fire them and to set their wages and hours of work.

From reading the pleadings it would appear that defendants claim to be exempt from provisions of the Fair Labor Standards Act of 1938 as amended, because of the Retail exemption and the Air Carrier exemption contained in the Act; they deny that defendant Dellere is an employer within the meaning of the Act and that defendant's employees were engaged in commerce and in production of goods for commerce within the meaning of the Act.

These denials necessarily provide a broad area for exploration of facts and circumstances that may properly be considered in determining the issues before the Court.

The request for admissions contained 39 items. The Court has examined them and does not believe them to seek answers that are wholly irrelevant or immaterial. Likewise the interrogatories, 33 in number, some of them containing several sub-parts, seem designed to lead to discovery of admissible evidence. As this Court has held:

> The scope of examination by interrogatories is as broad as the scope of examination by deposition under Rule 26(b). The inquiry may extend to any unprivileged matter which is relevant to the subject matter involved in the action and is not objectionable on the ground of inadmissibility at the trial so long as the information sought 'appears reasonably calculated to lead to the discovery of admissible evidence.' Interrogatories may be propounded on facts going to the Court's jurisdiction. 4 Moore's Fed.Proc., 2d ed. 2303. Rule 33, like the other discovery rules, should be given a broad and liberal interpretation." Truck Drivers and Helpers Local Union No. 696 v. Grosshans & Petersen, Inc., D.C., 209 F.Supp. 161.

Again in Klausen v. Sidney Printing & Publishing Company, 1–18–67, 271 F.Supp. 783, Stanley, Jr., this court held that:

"The mere fact that interrogatories are lengthy, or that the defendant will be put to some trouble and expense in preparing the requested answers is not alone sufficient to warrant the granting of a protective order. The discovery rules should be liberally construed in favor of discovery where possible. 4 Moore Federal Practice § 33.02."

Rule 33 as amended in 1948, was designed to eliminate restrictions on the use of interrogatories and with it, the practice of permitting only one set of interrogatories and the requirement that the discovery proceed by oral depositions if interrogatories were so numerous and complex as to burden the Court or harass the interrogated party if the information could be obtained more conveniently and efficiently by means of oral deposition. See Barron & Holtzoff, Rules Ed. Vol. 2 A, Sec. 771, p. 359.

The number and detailed character of interrogatories is not a reason for disallowing them unless they are unduly burdensome and oppressive. Anderson Company v. Helena Cotton Oil Company, D.C., 117 F.Supp. 932.

The burden is on the party objecting to support a claim that the interrogatories submitted are burdensome and oppressive. This may be done by affidavits or evidence offered revealing the nature of the burden. Zatko v. Rogers Mfg. Company, D.C., 37 F.R.D. 29, citing 4 Moore's Fed.Prac. 2d ed. p. 2316.

In this case the Court, after reading the interrogatories, cannot hold that they are unduly burdensome or oppressive on the defendants and each of them. Plaintiff has offered the services of an investigator to audit the records and take off the necessary figures and furnish defendant's counsel with a full recapitulation of all information obtained by the investigator in order to relieve the defendants of this burden.

The Court must overrule the defendants' objections to the plaintiff's request for admission and to the interrogatories submitted by the plaintiff.

Defendant will be granted fifteen days' time to respond to the request and to the interrogatories unless for good cause shown such time is extended by the Court.