**KAR PRODUCTS, INC., a Delaware Corporation, Plaintiff,**

v.

**AVNET, INC. d/b/a Fairmount Motor Products, Inc., a/k/a Fairmount Motor Products of Georgia, Inc., a New York Corporation, Defendant.**

**Civ. A. No. C76–1170A.**

United States District Court, N. D. Georgia, Atlanta Division.

March 1, 1978.

M. Cook Barwick and Gary L. Seacrest, Barwick, Bentley & Binford, Atlanta, Ga., for plaintiff.

James S. Stokes, Alston, Miller & Gaines, Atlanta, Ga., for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

This is a suit for damages based on alleged malicious interference with the plaintiff's business by the defendant. Jurisdiction is invoked under 28 U.S.C. § 1332 based on diversity of citizenship. The amount in controversy is alleged to exceed ten thousand dollars ($10,000.00).

Presently before the Court are motions by the defendant to compel answers to his interrogatories and for leave to amend his counterclaim. The plaintiff has moved to dismiss the defendant's counterclaim.

The plaintiff is a Delaware corporation with its principal place of business in Des Plaines, Illinois. Defendant Avnet, Inc., is

a New York corporation doing business as Fairmount Motor Products, Inc. and Fairmount Motor Products of Georgia, Inc. The plaintiff charges that the defendant engaged in a deliberate and malicious program of interference with the business relationship between the plaintiff and its customers and between the plaintiff and its personnel in order to appropriate the good will of the plaintiff. Further plaintiff alleges that the defendant sought to obtain confidential business information including sales records, route books, and price lists by hiring the plaintiff's employees. In its proposed amended counterclaim the defendant has charged the plaintiff with the same sort of conduct. Indeed it is alleged that one Robert Thater was lured away from the plaintiff by the defendant and after a period of time lured back from the defendant by the plaintiff. Count Two of the original complaint alleging breach of a covenant not to compete by certain individual employees was dismissed by order of District Judge Charles A. Moye, dated April 19, 1977. That order did not include defendant Ken Mizell.

■ 1. The defendant moves for leave to amend his counterclaim alleging malicious interference with business and seeking the award of attorney's fees. Leave to amend is freely given. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, defendant's motion to amend is granted. The plaintiff has moved to dismiss the counterclaim for lack of jurisdiction. It should be noted the defendant's amended counterclaim deleted Count Two of the original counterclaim. Therefore, any question of dismissal relating to that count is now moot.

■ The defendant puts forth alternative grounds for jurisdiction over the counterclaim. Primarily he contends that the counterclaim is compulsive in nature, as provided for in Rule 13(a) of the Federal Rules of Civil Procedure, and therefore jurisdiction is ancillary to the main action. A compulsory counterclaim need not meet any independent jurisdictional test. *Baker v.*

*Gold Seal Liquors,* 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974). Under Rule 13(a) this counterclaim is compulsory, "if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim. . . ." This rule has been given a broad interpretation in the Fifth Circuit. "[A] claim is ancillary when it bears a logical relationship to the aggregate core of operative facts which constitutes the main claim over which the court has an independent basis of federal jurisdiction." *Revere Copper & Brass Inc. v. Aetna Casualty & Surety Co.,* 426 F.2d 709, 714 (5th Cir. 1970); See also *Lewis v. S. S. Baune,* 534 F.2d 1115 (5th Cir. 1976). The defendant argues that since the complaint and counterclaim allege the same cause of action and in an instance relate to the same employee, the "logical relationship" test is met. The Court does not agree. In *Revere,* all claims arose out of contracts relating to the construction of a single manufacturing plant. In the case at bar, the plaintiff's claim arose out of activities by the defendant which are separate and distinct from those which gave rise to the defendant's claim. Although it is alleged that these series of activities overlapped at one point, that is not sufficient to constitute a "logical relationship." The parties' claims are based on differing sets of facts, differing circumstances, and for the most part involve different individual employees.

■ In the alternative the defendant argues that his counterclaim has independent jurisdiction based on diversity of citizenship. He alleges that the amount in controversy exceeds ten thousand dollars. ($10,000.00) Since it has an independent basis of jurisdiction the defendant argues that the counterclaim should be allowed as a permissive counterclaim. Rule 13(b), Fed.R.Civ.P. Rule 13(b) gives a party an option of filing a permissive counterclaim against an opposing party. *Major Appliance Co. v. Gibson Refrigerator Sales Corp.,* 254 F.2d 497 (5th Cir. 1958). Although the plaintiff contends that the jurisdictional amount has not been proven dismissal for such cause

would be warranted only where it is a legal certainty that the amount in question is under ten thousand dollars. *Bloodworth v. Oxford Village Townhouses Inc.,* 377 F.Supp. 709 (N.D.Ga.1974). The plaintiff's motion to dismiss defendant's counterclaim is denied.

 2. The defendant has moved to compel answers to his interrogatories and for costs of the motion. The defendant objects to plaintiff's answers to interrogatories numbered 18, 19, 24, 25, 26, 32, 37, 39, 40, 48, 51, 52, 54, 63, 64, 76, 77 and 79. Plaintiff objected to defendant's definitions contained in notes A, B and C of the interrogatories. Plaintiff objected to the interrogatories contending that they were vague, ambiguous, overly broad, repetitive, burdensome, requested legal opinions or required disclosure of confidential or privileged information. However, the objected to interrogatories are taken directly from the allegations of plaintiff's complaint. The defendant is entitled to know the basis of the plaintiff's allegations and the documents which the plaintiff intends to use to support those allegations. In certain instances the plaintiff will not be able to provide complete answers since he has not completed his own discovery process. Information which is in the possession of the plaintiff should be provided. The defendant's motion to compel is granted with certain exceptions. Plaintiff's answers to interrogatories numbered 24, 26 and 64 are sufficient. Interrogatory number 54 is repetitious and overly broad so that no answer is required. Interrogatories numbered 76, 77 and 79 are overly broad since they cover too extensive a period of time and geographical area. Therefore no answer is required. The Court further finds that the definitions used by the defendant in his interrogatories are not objectionable. Under Rule 37(a)(4) cost of a motion cannot be awarded without a hearing.

3. As the Court noted above, one of the individual defendants, Ken Mizell, was not dismissed by Judge Moye's order of April 19, 1977. However, it is clear that no further action has been taken nor is planned against this defendant. Therefore the complaint against defendant Mizell is dismissed, pursuant to Local Rule 131.

Accordingly, defendant's motion to amend his counterclaim is GRANTED. Plaintiff's motion to dismiss defendant's counterclaim is DENIED. Defendant's motion to compel answers to his interrogatories is GRANTED, with the above enumerated exceptions. The complaint against defendant Ken Mizell is DISMISSED.