UNITED STATES of America ex rel.
Katherine R. O'CONNELL, et
al.,

v.

CHAPMAN UNIVERSITY, et al.

No. SACV 04 1256 PSG (RCx).

United States District Court,
C.D. California.

June 18, 2007.

Daniel Robert Bartley, Novato, CA, for plaintiff.

Fred M. Plevin, Matthew J. Schenck, Paul, Plevin, Sullivan & Connaughton, San Diego, CA, for Defendant.

**PROCEEDINGS: (IN CHAMBERS) (1) ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO COMPEL FURTHER RE-SPONSES TO SPECIAL INTERROGA-TORIES, SET ONE, PROPOUNDED TO RELATOR DR. KATHERINE O'CON-NELL AND (2) ORDER GRANTING DE-FENDANT'S MOTION FOR SANCTIONS**

CHAPMAN, United States Magistrate Judge.

On June 6, 2007, defendant Chapman University filed a notice of motion and motion to compel further responses to special interrogatories, set one, propounded to relator Dr. Katherine O'Connell, a purported joint stipulation, and the supporting declarations of Fred M. Plevin and Matthew J. Schenck, with exhibits. This matter is appropriate for decision without oral argument, pursuant to Local Rule 7–15.

**BACKGROUND**

**I**

This action was originally brought on October 28, 2004. On April 3, 2006, plaintiffs Dr. Katherine R. O'Connell, Dr. Carlee Durfor and Dr. Jane Roe filed their Second Amended Complaint ("SAC") against Chapman University raising seven causes of action: (1) knowingly causing a false claim to be presented in violation of the Federal False Claims Act, 31 U.S.C. § 3729(a)(1) & (2); (2) submission of a false record to obtain payment of a false or fraudulent claim in violation of the Federal False Claims Act, 31 U.S.C. § 3729(a)(2); (3) knowingly causing a false claim to be presented in violation of the California False Claims Act, Gov't Code § 12651(a)(1) et seq.; (4) submission of a false record to obtain payment of a false or fraudulent claim in violation of the California False Claims Act, Gov't Code § 12651(a)(2); and (5) violation of California Business & Professions Code ("B.P.C.") § 17200 et seq., (6) employment retaliation in violation of 31 U.S.C. § 3730(h); and (7) employer interference with employee disclosure in retaliation, in violation of Gov't Code § 12653. District Judge James V. Selna has described the claims in the pending Second Amended Complaint, as follows:

> [R]elators allege that "[o]ver a ten-year period immediately preceding the filing of this Complaint, [Chapman], incident to requesting and receiving hundreds of millions of dollars in federal and state funding annually, falsely certified to the United States of America and the State of California, every year, that they are in compliance with federal provisions requiring that instruction meet certain minimum clock-hour requirements." (SAC ¶ 6.) Relators additionally allege that in the same ten-year period,

> > [Chapman], incident to requesting and receiving hundreds of millions of dollars annually, falsely certified, to the United States and the State of California, that applicants for Marriage and Family Therapist (MFT) licenses have fulfilled the requirements enumerated in California Business and Professions Code §§ 4980.37 and 4980.40. These requirements include certain minimum hours of classroom instruction and supervised clinical work.

> (*Id.*, ¶ 6.) Relators allege that certain officials at Chapman had actual knowledge of these false certifications, or acted with deliberate indifference and/or reckless disregard as to the truth or falsity of the claims. (*Id.*, ¶ 7.)

Order dated May 23, 2006. Plaintiffs seek the assessment of civil penalties against de-

fendant Chapman, judgment in favor of the United States and the State of California, payments to relators, attorney's fees, punitive damages, and injunctive and other relief. On June 30, 2006, defendant Chapman answered the Second Amended Complaint and raised numerous affirmative defenses. Both the United States and the State of California have elected not to intervene in this action. (Docket no. 9).

## II

On or about November 6, 2006, defendant Chapman propounded its first set of special interrogatories on relator O'Connell. Declaration of Matthew J. Schenck ("Schenck Decl.") ¶ 2. On or about January 2, 2007, O'Connell served written responses to the special interrogatories. *Id.* ¶ 5. These responses were not acceptable to defendant Chapman, and on February 12, 2007, defendant Chapman's counsel sent a prefiling conference letter to O'Connell's counsel, setting forth the deficiencies in O'Connell's responses. *Id.* ¶ 6, Exh. G. Thereafter, counsel for the parties held telephonic conferences on February 28 and March 14, 2007. Schenck Decl. ¶ 7. Defendant Chapman's counsel forwarded its portion of the joint stipulation to O'Connell's counsel on May 21, 2007; however, he never received a response. *Id.* ¶ 15–17; Declaration of Fred M. Plevin ¶ 6.

## DISCUSSION

### I

There are two essential components of Local Rule 37:(1) a prefiling conference between counsel for the parties (or the party if unrepresented by counsel) to try in good faith to resolve the discovery dispute, as set forth in Local Rule 37–1, and (2) the filing of a joint stipulation wherein the parties set forth their positions about the discovery dispute, as set forth in Local Rule 37–2.1–.2. If counsel (or a party) refuses to cooperate in complying with Local Rule 37–1, Local Rule 37–2.2, or by signing the joint stipulation, Local Rule 37–2.4 provides the moving party may file a discovery motion with a declaration from counsel for the moving party establishing opposing counsel's failure to comply with Local Rule 37.

Here, the declaration of defendant Chapman's counsel, discussed above, establishes that O'Connell's attorney, Mr. David R. Bartley, failed to comply with Local Rule 37–2.2; thus, the matter before the Court is without a joint stipulation containing both parties' arguments. Accordingly, this Court is considering sanctioning Mr. Bartley in the amount of $1,000.00 under Local Rule 37–4. Mr. Bartley **IS ORDERED** to Show Cause why he should not be sanctioned in the amount of $1,000.00 for having violated Local Rule 37–2.2, no later than ten (10) days from the date of this Order. If counsel objects, the matter will then be set for hearing on July 5, 2007, at 9:00 a.m. in Courtroom 23, 312 N. Spring Street, Los Angeles, CA 90012. Further, Mr. Bartley is admonished that any noncompliance with the Court's orders, including the timely payment of sanctions, may result in further sanctions. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec.*, 854 F.2d 1538, 1548 (9th Cir.1988)(per curiam).

## II

■■■ Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party. . . ." Fed.R.Civ.P. 26(b)(1). " 'Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute.' " *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D.Cal. 2005) (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D.Cal.1998)). Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial. *Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D.Kan.1993). The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J.1990).

■■ Defendant Chapman seeks to compel further responses to 35 interrogatories, specifically Interrogatory nos. 6–10, 12, 14, 15 and 17–43. Under Rule 33 of the Federal

Rules of Civil Procedure, a party may serve upon any other party written interrogatories that relate to any matter that can be inquired into under Rule 26(b)(1). Fed.R.Civ.P. 33(a). The interrogatories served on O'Connell by defendant Chapman are, for the most part, classic contention interrogatories,[1] in which defendant Chapman asks O'Connell to discuss and explain the nature of the contentions she makes in the Second Amended Complaint and, further, asks O'Connell to give detailed information regarding the factual bases for her contentions; thus, these interrogatories are permissible and acceptable under Rule 33(c).[2] *Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 650 (C.D.Cal.1997); *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991). Requiring a party to answer contention interrogatories is "consistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in their complaint...." *In re One Bancorp Securities Litigation,* 134 F.R.D. 4, 8 (D.Me.1991). The few non-contention interrogatories (nos. 41–43) seek the identities of witnesses and documents to support O'Connell's responses to the contention interrogatories. Clearly, all defendant Chapman's interrogatories seek information relevant under Rule 26(b).

The Court, having reviewed the interrogatories and O'Connell's responses thereto, **GRANTS** defendant Chapman's motion, in part, and **DENIES** it, in part, for the following reasons. The Court finds Interrogatory nos. 21–27 and 30–37 are compound interrogatories, each of which seeks the factual bases for O'Connell's responses to two separate prior interrogatories. Since O'Connell made a "compound" objection to these interrogatories,[3] and that objection is valid, defendant Chapman's motion to compel further responses to these interrogatories should be denied.

■ However, O'Connell's objections to all of the remaining contention interrogatories (nos. 6–10, 12, 14, 15, 17–19 and 38–40) are without merit. O'Connell initially objects, stating: "Overbroad, unduly burdensome, unduly redundant to other discovery, oppressive, calls for narrative. Discovery has only just begun." The foregoing objections are general or boilerplate objections, which are not proper objections. *Paulsen v. Case Corp.,* 168 F.R.D. 285, 289 (C.D.Cal.1996); *see also, e.g., McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (objections that requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why discovery is objectionable); *Burns v. Imagine Films Entertainment, Inc.,* 164 F.R.D. 589, 592–93 (W.D.N.Y.1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper); *Chubb Integrated Sys. Ltd. v. National Bank of Washington,* 103 F.R.D. 52, 58 (D.D.C.1984) ("General objections are not useful to the court ruling on a discovery

---

1. As another district court has noted:

   [T]he phrase "contention interrogatory" is used imprecisely to refer to many different kinds of questions. Some people would classify as a contention interrogatory any question that asks another party to indicate what it contends.... Another kind of question ... asks an opposing party to state all the facts on which it bases some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the evidence on which it bases some specified contention. Some contention interrogatories ask the responding party to take a position, and then to explain or defend that position, with respect to how the law applies to facts. A variation on this theme involves interrogatories that ask parties to spell out the legal basis for, or theory behind, some specified contention.
   *In re Convergent Technologies Securities Litigation,* 108 F.R.D. 328, 332 (N.D.Cal.1985).

2. "[A]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact...." Fed.R.Civ.P. 33(c).

3. Interrogatory no. 20 is also a compound interrogatory, but O'Connell did not make a "compound" objection to that interrogatory, and her other objections have no merit.

motion."). Moreover, as discussed above, Rule 11 requires plaintiffs to have a basis for their allegations in the complaint, and contention interrogatories seek information about that basis;[4] thus, an objection that "[d]iscovery has only just begun" makes no sense at all.

In addition to objecting, O'Connell partially answered Interrogatory no. 8, albeit without sufficient detail, and thereafter either referred to her answer to Interrogatory no. 8 in responding to other interrogatories, although those interrogatories do not seek information identical to Interrogatory no. 8, or referred to her previous general and boilerplate objections elsewhere. This is improper under Rule 33(b)(1), which requires "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed.R.Civ.P. 33(b)(1); *see also Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D.Ind.2000)("It is well established that an answer to an interrogatory 'must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.'") (quoting *Smith v. Logansport Cmty. School Corp.*, 139 F.R.D. 637, 650 (N.D.Ind.1991)(citing 4A J. Moore, J. Lucas, *Moore's Federal Practice* § 33.25[1] (2d ed.1991))).

Further, Rule 33(b) requires that "[e]ach interrogatory shall be answered ... under oath, unless it is objected to[,]" and such answers "are to be signed by the person making them, and the objections signed by the attorney making them." Fed.R.Civ.P. 33(b)(1) & (2). The attorney's signature is further required by Rule 26(g), which provides that "[e]very discovery ... response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name...." Fed.R.Civ.P. 26(g)(2). Defendant Chapman claims O'Connell did not properly swear to her answers to the interrogatories, as required by Rule 33, and O'Connell's counsel did not properly verify the objections, as required by Rule 26(g). Defendant Chapman is correct.

■ Defendant Chapman objects that O'Connell's answers were not properly under oath since O'Connell stated her answers were based, in part, upon her information and belief,[5] which is improper. Rule 33(a) requires interrogatories "be answered by the party served or, of the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party[.]" Fed.R.Civ.P. 33(a). Thus, an individual party is treated differently than a party that is a business entity; the former must answer interrogatories based on personal knowledge, whereas the latter may answer interrogatories based on available information. *Cf. Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d 1469, 1482 (D.C.Cir.1995)(acknowledging that "a representative of a corporate party [may] verify the corporation's answers [to interrogatories] without personal knowledge of every response by 'furnishing such information as is available to the party.'" (emphasis in original)). Since O'Connell swore to her answers, in part, based on information and belief rather than her personal knowledge, she did not comply with Rule 33.

Further, O'Connell's counsel failed to verify the objections to the interrogatories under Rule 26(g). *See* Schenck Decl. ¶ 5, Exh. F. "The signature of the attorney ... constitutes a certification that to the best of the

---

4. For example, Interrogatory nos. 6 and 7 seek the factual basis for O'Connell's allegations in paragraph 42 of the Second Amended Complaint and Interrogatory nos. 8, 28 and 29 seek the factual basis for certain causes of action in the Second Amended Complaint.

5. Specifically, O'Connell stated:

I declare that the matters stated therein are true of my own personal knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true; and tha [sic] I am willing and competent to testify to such matters if called upon to do so.
Schenck Decl. ¶ 5, Exh. F at 58.

signor's knowledge, information, and belief, formed after reasonable inquiry, the ... response, or objection" is "consistent with these rules and warranted by existing law ...; not interposed for an improper purpose' ...; and not reasonable or unduly burdensome or expensive...." Fed.R.Civ.P. 26(g)(2). "If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the admission is called to the attention of the party making the ... response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed." *Id.* The *Advisory Committee Notes to the 1983 Amendment to Rule 26(g)* state:

> Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. This subdivision provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection. The term "response" includes answers to interrogatories and to requests to admit as well as responses to production requests. [¶] If primary responsibility for conducting discovery is to continue to rest with the litigants, they must be obliged to act responsibly and avoid abuse. With this in mind, Rule 26(g), which parallels the amendments to Rule 11, requires an attorney ... to sign each discovery request, response, or objection.

Here, Mr. Bartley did not live up to his obligations under Rules 26(g) and 33.

## III

Rule 37(a)(4) provides that if a motion compelling disclosure is granted:

> the court shall, after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to

obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4).

Here, defendant Chapman seeks attorney's fees in the amount of $6,525.00. To support its request for attorney's fees, defendant Chapman has filed the declaration of its counsel, Matthew J. Schenck, in which Mr. Schenck states his billing rate on this matter is $225.00 per hour and that defendant "Chapman has incurred over 29 hours of [his] time evaluating Relator O'Connell's initial interrogatory response, drafting the detailed meet and confer letter to Mr. Bartley, participating in the Prefiling Conferences, preparing the Joint Stipulation, corresponding to Mr. Bartley about the Joint Stipulation and this motion, and preparing the moving papers on this motion for a total of $6,525.00." Schenck Decl. ¶ 18. The Court finds both the hourly rate of $225.00 and the number of hours claimed to be quite reasonable. Since defendant Chapman has, for the most part, prevailed on its motion to compel, defendant Chapman's request for attorney's fees should be granted in the amount of $6,525.00.

## ORDER

1. Defendant Chapman's motion to compel further responses to interrogatories from relator Dr. Katherine O'Connell is granted, in part, and denied, in part, as set forth herein. Relator O'Connell shall provide further responses without objection under oath to Interrogatory nos. 6–10, 12, 14, 15, 17–20, 28, 29 and 38–43, no later than ten (10) days from the date of this Order. Additionally, relator O'Connell shall swear to her initial responses under oath, and O'Connell's attorney Mr. Bartley shall certify his initial objections to the interrogatories under Rule 26(g), no later than ten (10) days from the date of this Order.

2. Defendant Chapman's request for attorney's fees is granted, and relator O'Connell and her counsel, jointly and severally, shall pay attorney's fees to defendant Chap-

man in the amount of $6,525.00, no later than ten (10) days from the date of this Order.