**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,**
Plaintiff,

v.

**Gary R. VAN WAEYENBERGHE,**
Defendant.

No. S92–676.

United States District Court,
N.D. Indiana,
South Bend Division.

April 19, 1993.

Michael Trippel, South Bend, IN, for plaintiff.

Fred R. Hains, South Bend, IN, for defendant.

## MEMORANDUM AND ORDER

PIERCE, United States Magistrate Judge.

On July 28, 1987, plaintiff, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), obtained a money judgment by default against defendant, Gary R. Van Waeyenberghe, in the Southern District of New York. The judgment was subsequently registered in this district and National Union commenced post-judgment discovery in accordance with Rule 69(a) of the Federal Rules of Civil Procedure, by serving Mr. Van Waeyenberghe with 17 interrogatories. Mr. Van Waeyenberghe has objected to interrogatories numbered 2 through 8, 10, 11, and 15 through 17. This cause is now before the court on National Union's motion to compel discovery with respect to interrogatories 2 through 14 and 16.[1]

Initially, the court notes that Mr. Van Waeyenberghe did not object to, and in fact answered, interrogatories 9, 12, 13, and 14. National Union has not challenged the adequacy of Mr. Van Waeyenberghe's answers to those interrogatories and its motion to compel with respect thereto must therefore be denied.

National Union's motion, however, does challenge Mr. Van Waeyenberghe's objections to interrogatories numbered 2 through 8, 10, and 11. Those interrogatories not only seek information about his employment, assets and finances, but they also call for him to supply such information about his "spouse." To this, Mr. Van Waeyenberghe objects, asserting that his "spouse" is not a defendant or a judgment debtor, and that information relating to his "spouse" was therefore "irrelevant and immaterial." The court cannot agree.

The scope of post-judgment discovery under the Federal Rules is very broad, *see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* No. 88 CV 3039(ILG), 1993 WL 50528, 1993 U.S.Dist. LEXIS 1929 (E.D.N.Y. Feb. 23, 1993); *OHM Resource Recovery Corp. v. Industrial Fuels & Resources, Inc.,* No. S90–511, 1991 WL 146234, 1991 U.S.Dist. LEXIS 10297 (N.D.Ind. July 24, 1991), permitting a judgment creditor to obtain information "so that he may find out about assets on which execution can issue or about assets that have been fraudulently transferred or

---

1. In filing its motion to compel, National Union initially failed to comply with this court's Local Rule 13, and the court declined to rule on National Union's motion. National Union has since filed an amended motion to compel, along with a certificate of compliance with Rule 13. Considered together, National Union's amended motion and its certificate fulfill the requirements of Local Rule 13.

are otherwise beyond the reach of execution." C. Wright & A. Miller, *Federal Practice and Procedure* § 3014 at p. 72 (1973). Under these principles, it should be beyond question that a judgment creditor is allowed to ask a judgment debtor for asset and financial information relating to the debtor's spouse or other family members.

There is authority for restricting discovery requests directed *to third parties* seeking information about *their* assets and financial affairs, as in *Strick Corp. v. Thai Teak Products Co., Ltd.*, 493 F.Supp. 1210, 1218 (E.D.Pa.1980) (absent showing that garnishee defendant was "alter ego" of judgment debtor, garnishee would not be required to answer interrogatories regarding its own assets, but would only be required to answer interrogatories pertaining to debtor). However, no such restriction applies where, as in this case, the discovery is directed to the judgment debtor.

National Union's discovery requests in this instance are relevant to the subject matter of its inquiry under Rule 69(a), and Mr. Van Waeyenberghe's opposition is not well taken. He must respond fully and completely to National Union's inquiries relating to his "spouse."

For the foregoing reasons, National Union's motion to compel discovery is DENIED IN PART AND GRANTED IN PART. Defendant Van Waeyenberghe shall serve complete responses to National Union's interrogatories numbered 2 through 8, 10, and 11 on or before May 14, 1993.

**SO ORDERED.**